# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO ENRIQUE LOPEZ-PEREZ, | Case No. 1:26-cv-3083-JLT-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |
| v. | |
| TAE D. JOHNSON, et al., | |
| Respondents. | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 3) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a noncitizen who has lived in the United States approximately eighteen years. Petitioner was arrested in January 2026 while on his way to work and has remained detained since that time. (ECF No. 1 at 1.[1])

On April 23, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO") challenging his immigration detention. (ECF Nos. 1, 2.) The assigned district judge denied the motion for TRO as untimely. (ECF No. 8.) On April 28, 2026, Respondents filed a response to the petition. (ECF No. 9.)

## II.

## DISCUSSION

The Court finds that issuance of findings and recommendation is appropriate despite the time for Petitioner to file a reply to Respondents' response having not yet expired.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

**A.  Applicability of 8 U.S.C. § 1225(b)**

Respondents argue that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)" and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 9 at 1, 2.) "District courts around the country have rejected the government's position that section 1225(b)(2) permits it to pursue mandatory detention against noncitizens who have not been lawfully admitted but have been present in the country for years." Valencia Zapata v. Kaiser, 801 F. Supp. 3d 919, 936 (N.D. Cal. 2025) (citing Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases)). "Here in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission.'" Valencia v. Chestnut, 809 F. Supp. 3d 1064, 1067 (E.D. Cal. 2025) (collecting cases).

The Court recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b) based on the reasoning in Carlos v. Chestnut, No. 1:26-cv-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026), which found that "a non-citizen who has resided in this country for an extended period likely falls within the discretionary detention authority under 8 U.S.C. § 1226, rather than the mandatory detention authority under 8 U.S.C. § 1225." Id. at *2 (citing E.L.D.M. v. Becerra, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025)).

**B.  Appropriate Relief**

Petitioner requests the Court to order his immediate release or a prompt individualized bond hearing. (ECF No. 1 at 3.) The Court finds J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), instructive:

> Moreover, the government did not comply with the express terms of section 1226 when it detained petitioner, so the Court cannot conclude that he is now detained on that basis. "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11. "Section 1226(a) plainly states: '*On a warrant issued by the Attorney General*, a [noncitizen] may be arrested and detained ....*'" *Chogllo Chafla*, 2025 WL 2688541, at *11 (quoting 8 U.S.C. § 1226(a)). "As such, it follows that absent a warrant a noncitizen

may *not* be arrested and detained under section 1226(a)." *Id.* "To put it simply, [petitioner's] detention[ ] [is] improper because there is no evidence in the record that [he was] arrested pursuant to a warrant." *Id.* "Since the Government did not comply with the plain language of section 1226(a), [petitioner's] immediate release is justified." *Id.*; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching the same conclusion).

If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

J.A.C.P., 2025 WL 3013328, at *8.

Similarly, here, there is nothing in the record before this Court indicating that a warrant was issued or that Petitioner has ever been arrested or charged with a crime, and Respondents do not contend he is a danger to the community or a flight risk. Accordingly, the Court recommends that Petitioner be immediately released.

**C. Motion for Appointment of Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's recommendation that the petition be granted, the Court will deny Petitioner's motion for appointment of counsel.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be directed to immediately release Petitioner.

3. Respondents be enjoined and restrained from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven (7) days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.

Further, the Court HEREBY ORDERS that Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 7, 2026**

STANLEY A. BOONE
United States Magistrate Judge