**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADOLFO ENRIQUE LOPEZ-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>TAE D. JOHNSON, et al.,<br><br>Respondents. | No. 1:26-cv-03083 JLT SAB (HC)<br><br>A-Number: 221 489 563<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO DISMISS, DIRECTING RESPONDENTS TO MAKE INITIAL CUSTODY DETERMINATIONS AND PROVIDE A BOND HEARING IF CUSTODY CONTINUES<br><br>(Docs. 1, 11) |

Petitioner, who entered the United States approximately 18 years ago without inspection, was detained by immigration authorities in January 2026 while on his way to work in what appears to be his first encounter with the immigration system. (*See* Doc. 9 at 1.) He proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 8, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted and Respondents be directed to immediately release Petitioner. (Doc. 11.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) On May 19, 2026, Respondents filed timely objections. (Doc. 12.)

1

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis in part. The Court agrees that Petitioner's detention is governed by 8 U.S.C. § 1226 not § 1225 for the reasons set forth in the findings and recommendations. (*See* Doc. 11 at 2.) But the Court departs as to the appropriate remedy. To justify immediate release from custody, the magistrate judge relied on *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), which found immediate release appropriate for a similarly situated petitioner applying the following reasoning:

> [T]he government did not comply with the express terms of section 1226 when it detained petitioner, so the Court cannot conclude that he is now detained on that basis. "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." [*Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)]. "Section 1226(a) plainly states: 'On a warrant issued by the Attorney General, a [noncitizen] may be arrested and detained ....'" [*Id.*](quoting 8 U.S.C. § 1226(a)). "As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Id.* "To put it simply, [petitioner's] detention[ ] [is] improper because there is no evidence in the record that [he was] arrested pursuant to a warrant." *Id.* "Since the Government did not comply with the plain language of section 1226(a), [petitioner's] immediate release is justified." *Id.*; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching the same conclusion).

*J.A.C.P.*, 2025 WL 3013328, at *8.

The undersigned finds more persuasive those cases that have concluded immediate release is not the appropriate remedy for an individual who has never interacted with the immigration system. The following decision from the District of Maine provides a persuasive counterpoint to *J.A.C.P.'s* reasoning:

> Discretionary detention under § 1226(a) requires a warrant. *See* [*Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018)]; *see also Chogllo Chafla*, 804 F. Supp. 3d at 256-61 (D. Me. 2025) ("[A]bsent a warrant a noncitizen may not be ... detained under [§] 1226(a)"). Although the INA provides limited exceptions for warrantless interrogations and arrests, in order to continue to detain a noncitizen under § 1226, federal law, applicable agency regulation, and caselaw from this District Court require immigration authorities to conduct an initial custody determination

2

and obtain a post-hoc warrant within forty-eight hours of initially detaining the noncitizen. *See, Makuiza v. Wesling*, No. 2:26-cv-00044-LEW, 2026 U.S. Dist. LEXIS 18216, at *3-12 (citing 8 U.S.C. §§ 1226(a), 1357(a); 8 C.F.R. §§ 236.1(c)(8), 287.3(d)). In other words, "when arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc." *Id*. at *5-6, *7-13 (citing 8 C.F.R. § 287.3(d)) (ordering § 1226(a) immigration detainee released after authorities failed to conduct an initial custody determination and obtain a post-hoc warrant justifying continued detention within forty-eight hours of warrantless arrest).

The Court agrees with [petitioner] that because he is subject to discretionary detention under § 1226(a), Respondents are required by law to conduct an initial custody determination within forty-eight hours of his detention, accompanied by a post-hoc warrant. However, the Court does not agree that this conclusion requires his immediate release. Instead, the Court concludes that the 48-hour clock for Respondents to conduct an initial custody determination begins at the date and time of this order. Unlike in *Makuiza*, in which the Government initially detained the noncitizen pursuant to § 1226(a) but "neglected to" "justify[ ] its arrest decision[ ]," *id*. at *3-4, 11, in this case, Respondents do not concede [petitioner] is subject to § 1226(a) but rather maintain, consistent with controlling agency precedent, he is subject to mandatory detention under § 1225(b)(2), which does not require an initial custody determination or warrant. Moreover, to retroactively apply the Court's § 1226(a) determination in this matter would place Respondents in the untenable position in future cases presenting similar circumstances, in which Respondents must decide whether to deliberately violate controlling agency precedent in anticipation of a possible objection a detainee may or may not raise in a future habeas petition not yet before this Court, and then further guess how this Court might rule.

Rather, in this case, given that Respondents have maintained since his arrest that [petitioner] is that subject to mandatory detention under § 1225(b)(2), the forty-eight-hour custody determination clock begins to run at the time of this Court's determination that [petitioner] is subject to § 1226(a). Accordingly, the Court will order Respondents to conduct an initial custody determination of [petitioner] pursuant to § 1226(a), at which point they may either release him or continue to detain him. If Respondents continue his detention, they must obtain an authorizing warrant and, [ ], later provide [petitioner] a bond hearing before an Immigration Judge.

*Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026). Under the circumstances presented here, where there is no evidence of an administrative warrant or any kind of initial custody determination, the Court concludes the remedy provided in *Garcia De Melo* is the most appropriate.

3

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on May 8, 2026 (Doc. 11) are **ADOPTED IN PART**.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Respondents' motion to dismiss (Doc. 7) is **DENIED**.

4. **Within 48 hours of this order**, Respondents **SHALL** undertake an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

5. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

6. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing. If Respondents fail to provide the bond hearing within the timeframe outlined above, they **SHALL** release Petitioner.

7. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[1]

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest.

8. The Clerk of Court is directed to serve the California City Detention Facility with a copy of this Order.

9. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **May 29, 2026**

UNITED STATES DISTRICT JUDGE

Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.